IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| WAVETRONIX, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-MC-5802-LMB |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ELECTRONIC INTERGRATED SYSTEMS, INC., | ) ) | |
| | ) | |
| Defendant. | ) ) | |

     Currently pending before the Court are non-party Stellar Technologies' ("Stellar") Motion to Quash Subpoenas (Docket No. 1) and non-party DBSI's ("DBSI") Motion to Quash Subpoenas (Docket No. 2).

     On March 15, 2005, Defendant Electronic Integrated Systems ("EIS") served Stellar and DBSI with two subpoenas, one seeking production of documents and another compelling a deposition. *Darnall Affidavit*, Exs. E, F (Docket No. 2, Att. 3). Both Stellar and DBSI acknowledge that "both of the subpoenas now appear to be procedurally correct." *Memorandum in Support*, p. 3 (Docket No. 1, Att. 1); *Memorandum in Support*, p. 3 (Docket No. 2, Att. 1). That said, however, DBSI and Stellar object to the subpoenaed discovery because the requested information, they argue, is either irrelevant to the underlying litigation, or readily available from Plaintiff Wavetronix. *Id.* Defendant EIS responds that "Stellar/DBSI filed the present motion(s) *without* conferring with EIS as required by Local Rule 37.1" *Response in Opposition*, p. 3 (Docket No. 8) (emphasis in the original).

ORDER-1-

Pursuant to D. Id. L. Civ. R. 37.1, "the court will not entertain any discovery motion . . . unless counsel for the moving party files with the court, at the time of filing the motion, a statement showing that the attorney making the motion has made a reasonable effort to reach agreement with opposing attorneys on the matters set forth in the motion." According to the record, this did not occur. *See Response in Opposition*, pp. 3-4 (Docket No. 8)

As a result, the Court will require counsel for the parties to <u>personally</u> meet and confer, pursuant to D. Id. L. Civ. R. 37.1, and advise the Court *via* a joint written report, in the form of a formal docketed pleading, identifying the specific discovery requests that remain outstanding and those requests which are no longer in dispute. In the event counsel for the parties are able to resolve any or all of the remaining discovery issues, they are to so advise the Court in their joint report which must be filed on or before July 1, 2005.

Counsel should be advised that for any discovery or other disputes remaining after counsel meet and confer, costs and fees will be awarded for any unreasonable discovery requested or any unreasonable failure to provide requests or production to reasonable requests.

DATED: **May 11, 2005**.

_____
Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

ORDER-2-