IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| WAVETRONIX, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05-MC-5802-LMB |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ELECTRONIC INTERGRATED SYSTEMS, INC., | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Currently pending before the Court are non-party Stellar Technologies' Motion to Quash Subpoenas (Docket No. 1), non-party DBSI's Motion to Quash Subpoenas (Docket No. 2), and Electronic Integrated Systems' Motion to Strike (Docket No. 13). In the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Court will address and resolve these pending motions without a hearing. Having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Order.

## I.

### MOTION TO STRIKE

On April 25, 2005, the Court instructed DBSI and Stellar to file a reply brief to their pending Motions to Quash by May 9, 2005. *Order* (Docket No. 6). DBSI and Stellar did not file their reply brief until May 13, 2005. *Reply* (Docket No. 12). On May 17, 2005, Electronic Integrated Systems (EIS) asked the Court to strike, as untimely, DBSI and Stellar's reply brief.

ORDER-1-

*Motion to Strike* (Docket No. 13).

Since the Court desires to hear the instant dispute on the merits, and because the Court concludes that the filed reply brief's four-day delay does not prejudice EIS, the Court hereby denies EIS' Motion to Strike (Docket No. 13).

## II.

## MOTIONS TO QUASH

On March 15, 2005, EIS served Stellar and DBSI with two subpoenas, one seeking production of documents and another compelling a deposition. *Darnall Affidavit*, Exs. E, F (Docket No. 2, Att. 3). Both Stellar and DBSI acknowledge that "both of the subpoenas now appear to be procedurally correct." *Memorandum in Support*, p. 3 (Docket No. 1, Att. 1); *Memorandum in Support*, p. 3 (Docket No. 2, Att. 1). That said, however, DBSI and Stellar initially objected to the subpoenaed discovery because the requested information, they argued, is either irrelevant to the underlying litigation, or readily available from Plaintiff Wavetronix. *Id.*

On May 11, 2005, the Court ordered the parties to personally meet and confer and advise the Court in a joint written report which discovery requests remain outstanding and which requests are no longer in dispute. *Order* (Docket No. 10). On May 31, 2005, the parties met and discussed the issues raised by both EIS' subpoenas as well as Stellar and DBSI's resulting Motions to Quash (Docket Nos. 1, 2). *EIS' Status Report*, p. 3 (Docket No. 16). The parties reached a resolution on the vast majority of EIS' discovery requests leaving only the disputes summarized in the following paragraph. *DBSI/Stellar Status Report*, p. 4 (Docket No. 17).

Stellar has agreed to designate and produce a company representative to testify as requested, however, "Stellar and DBSI maintain their objections to Topics 1, 9, 10, and 12 as

ORDER-2-

unduly burdensome and as seeking information more readily available from Plaintiff Wavetronix in the underlying patent litigation." *Id.*  Stellar and DBSI have also agreed to produce documents responsive to EIS' Document Requests Nos. 1-6, and 9-10, but they "maintain their objections to Document Request No. 7 and 8 as unduly burdensome and as seeking information more readily available from Plaintiff Wavetronix in the underlying patent litigation." *Id.* at 4-5.  Stellar and DBSI conclude that they have "agreed to produce certain information and will continue to work with EIS to do so in a mutually agreeable time and manner." *Id.* at 5.

Because Stellar has already agreed to designate and produce a company representative to testify in response to EIS' subpoena, the Court concludes that it would not be unduly burdensome for that representative to also testify as to his or her knowledge of Topics 1, 9, 10 and 12.[1]  Stellar's status as a third-party in no way prevents EIS from seeking discovery from it by subpoena.  Fed. R. Civ. P. 45.  Parties may seek similar discovery from multiple sources.  *Cohn v. Taco Bell Corp*, 1994 WL 383983, * 3 (N.D. Ill. Jul. 20, 1994) ("[d]efendant should not be confined to what Plaintiffs choose to tell").

Document Requests Nos. 7 and 8 ask for technical documents relating to a Wavetronix patent.  *Braley Affidavit*, Ex. A (Docket No. 1, Att. 2).  The Court can restrain the use of any discovery method if the discovery is cumulative, could be acquired from another source, or the burden outweighs the benefit.  Fed. R. Civ. P. 26(b)(2).  As a party to the litigation, Wavetronix is the most convenient, least burdensome, and least expensive source for documents relating to a Wavetronix patent.  Where a party can acquire the same materials from another party, the burden of non-party discovery is even more onerous.  *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 716-

---

[1]Topics 1, 9, 10 and 12 encompass Stellar's knowledge of certain Wavetronix information.  *Mott Affidavit*, Ex. F (Docket No. 1, Att. 3).

ORDER-3-

17 (1st Cir. 1998).  Because there is no evidence in the record that EIS cannot obtain the information it seeks directly from Wavetronix, the Court determines that EIS' Document Requests Nos. 7 and 8 are unduly burdensome as to non-parties DBSI and Stellar.

### III.

### ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Stellar's Motion to Quash Subpoenas (Docket No. 1) and DBSI's Motion to Quash Subpoenas (Docket No. 2) are DENIED in part and GRANTED in part. The Court quashes the subpoenas as to EIS' Document Requests Nos. 7 and 8.  In all other respects, the motions to quash are denied.  DBSI and Stellar are to adequately respond to the subpoenas by August 15, 2005.

2. EIS' Motion to Strike (Docket No. 13) is DENIED.

DATED: **July 18, 2005**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge